IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL DELAROSA, #02269697,                )<br>　　　　　Petitioner,                           )<br>vs.                                                              )<br>　　　　　　　　　　　　　　　　　　　　)<br>BOBBY LUMPKIN,                              )<br>　　　　　Respondent.                        ) | No. 3:21-CV-3223-L (BH)<br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the petitioner's *Application to Proceed In Forma Pauperis,* received February 15, 2022 (doc. 8), should be denied, and the case should be dismissed without prejudice for failure to follow an order of the court.

### I.  BACKGROUND

The petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in the Eastern District of Texas, and it was transferred to this district on December 28, 2021.  (*See* docs. 1-5.)  By *Notice of Deficiency and Order* dated January 3, 2022, he was notified that he had neither paid the $5 filing fee for a habeas case nor submitted a motion to proceed *in forma pauperis* (IFP), and that within thirty days he must either pay the fee or file an IFP motion and a certificate of trust fund account statement (CTA) for the six month period prior to the filing of this action, as required by 28 U.S.C. § 1915(a). (*See* doc.7.)

The petitioner's IFP motion, with a CTA, was received on February 15, 2022.  (*See* doc. 8.) His CTA showed a balance of $735.59 as of the date of its preparation, and he received total deposits of $911.00 over the three months before it was prepared.  During the prior six months, his

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

average balance was $804.85. The first page of the form § 2254 petition submitted by the petitioner expressly gave him notice that if he has access, or has had access, to enough funds, he must pay the filing fee.

Based on this information, an order finding that the petitioner should be denied leave to proceed *in forma pauperis* (IFP), but giving him thirty days to pay the required $5.00 filing fee, was issued on February 17, 2022, . (*See* doc. 9.) The order warned that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*Id.*) After more than thirty days passed without a response from the petitioner, a second order to pay the filing fee issued on March 28, 2022, again giving him thirty days to pay the required $5.00 filing fee and warning that failure to pay the fee could result in a formal recommendation that IFP status be denied and that his case be dismissed. (*See* doc. 10.) More than thirty days from the second order have passed, but the petitioner has still not paid the filing fee or otherwise responded.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

As noted, the petitioner's CTA showed a balance of $735.59 as of the date of its preparation,

2

and he received total deposits of $911.00 over the three months before it was prepared. During the prior six months, his average balance was $804.85. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. His IFP motion should therefore be denied.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The petitioner was twice given 30 days to pay the filing fee, and he was specifically warned that failure to do so could result in dismissal of this action. He still has not paid the fee or otherwise responded to the order to pay the fee, and he has filed nothing else in this case. Because he failed to comply with the orders that he pay the $5 filing fee, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court.

### IV. RECOMMENDATION

Leave to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow an order of the court, unless the petitioner pays the filing fee within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 23rd day of May, 2022.**

        *signature*
        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

        *signature*
        IRMA CARRILLO RAMIREZ
        UNITED STATES MAGISTRATE JUDGE